ARTHUR C. PHELPS ET AL., APPELLANTS, V. GEORGE W. SHUCK, APPELLEE.

FILED JANUARY 13, 1922. No. 21636.

1. **Sales: FALSE REPRESENTATIONS: REMEDIES.** A party induced to purchase property, by false representations respecting the character of property, to whom a written guaranty is given, covering the representations made, providing for the return of the property and of the consideration therefor in case the property does not prove as represented, upon discovery of the falsity of such representation, may elect to rescind the contract of purchase and recover back the purchase price paid, or he may sue on the written guaranty for damages for breach thereof. If he elects to rescind the contract and brings suit therefor, it is not an action on the guaranty.

2. **Action: RESCISSION.** A petition by two plaintiffs, which alleges that they were induced to purchase property of defendant by false representations made by the defendant respecting the property, and alleges that said representations were made by defendant both by parol and in writing, alleging that the written representations were made in an instrument which is copied in the petition, which instrument was addressed to one of the plaintiffs only, and contained the representation charged to be false and also a statement that the seller agreed to guarantee the property to have certain qualities, and, if not as represented by him, to take it back and refund all money paid therefor, which petition also alleged plaintiffs' election to rescind the purchase, and also alleged all other facts necessary in an action based on a rescission of a contract for purchase, states but one cause of action, *i. e.,* an action by both parties purchasing said property for rescission and return of the purchase price paid by them

therefor. It does not state a cause of action on the agreement to guarantee.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*J. H. Agee* and *F. H. Stubbs,* for appellants.

*Frank J. Munday, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

WELCH, District Judge.

The appellants filed in the court below their petition, in which they alleged that on April 14, 1916, they purchased from the defendant one stallion, which the defendant, for the purpose of inducing plaintiffs to purchase, fraudulently represented and stated to the plaintiffs to be nine years of age and no more. The petition further alleges that said representation as to the age of said stallion was made by the defendant both by parol and in writing, and that said written representation was in the following words and figures:

"Guide Rock, Nebr., April 14, 1916.

"Mr. A. C. Phelps, Superior, Nebr.

"Dear Sir: In consideration of your purchase from me today of my black stallion, age nine years, weight 2,150 lbs., called 'Prince,' I agree to guarantee the said stallion to be a good breeder, sound in all respects with the exception of a wind-puff on left hind leg, and I further agree in the event that the said stallion 'Prince' shall not prove as represented above, or in the event that he should be rejected for any cause by the state inspector of stallions, to take said stallion back, and refund any and all money you have paid for him, not exceeding $500 and interest. (Signed) Geo. W. Shuck."

The petition also alleged that plaintiffs had no knowledge or information as to the age of said stallion; and that they relied upon said representations, and were induced thereby to purchase said stallion and agree to pay

the defendant therefor the sum of $500 and that said stallion, instead of being nine years of age at the time of such sale, was twelve years of age, which fact was well known to the defendant, and that plaintiffs would not have bought said stallion from defendant if they had known its true age. The petition further alleged that plaintiffs first learned of the true age of said stallion about March 8, 1917, and that they immediately notified defendant thereof and of his said misrepresentation and of their intention to rescind said purchase; and on or about the 14th day of March, 1917, plaintiffs did elect for said reasons to rescind said contract of purchase, and so notified defendant, and demanded of defendant return of the purchase price paid for said stallion, but defendant refused to consent to rescission and refused to return to plaintiffs the consideration and purchase price of said stallion, and that plaintiffs offered to return said stallion to defendant, which offer the defendant refused. The petition also alleged that, as a part of the consideration for said horse, plaintiffs executed and delivered to defendant their promissory note for the sum of $400 and secured the same by a chattel mortgage, and that, as soon as the defendant was advised that plaintiffs had discovered the true age of said stallion and that plaintiffs desired to rescind said contract of purchase, the defendant immediately thereafter, and on or about the 15th day of March, 1917, and before said note was due, for the purpose of denying to plaintiffs the right to make their defense to said note, sold and assigned and delivered said note and chattel mortgage to the Citizens State Bank of Superior, Nebraska; that thereafter said Citizens State Bank sold said stallion under said chattel mortgage, at which sale there was realized the sum of $42, which was applied on said note of plaintiffs, and that plaintiffs have since said sale paid the balance on said note.

The defendant demurred to the above petition on the grounds: (1) That several causes of action are improperly joined. (2) That the petition does not state

facts sufficient to constitute a cause of action.   The court below sustained the demurrer, and plaintiffs elected to stand on the petition, whereupon the court below rendered judgment of dismissal.

It is an elementary rule of law that a party induced to purchase property by false representations of the seller has the election to rescind such purchase on the discovery of the falsity of such representations, return the property, and recover back the consideration paid therefor, or he may retain the property and recover his damages sustained by reason of said false representations.

In order to work a rescission it is not necessary, in case of offer to return the property to the seller and notice to him of the election to rescind, that the property be actually tendered to him at the place of purchase, if upon such offer to return the property the seller refuses to accept the same.   *Sherrill v. Coad,* 92 Neb. 406.

The petition alleged the purchase by both plaintiffs; the representation to plaintiffs that the stallion purchased was but nine years old; that plaintiffs were induced thereby to purchase said property for the consideration of $500; that at the time of such purchase said stallion was of the age of twelve years, which fact was known by appellee herein, and contained all the other allegations necessary to state a cause of action based upon the rescission of said contract of purchase.   The fact that said representations as to the age of said stallion were included in a written statement signed by defendant addressed to one of the plaintiffs, in which defendant agreed to guarantee the said stallion to have certain qualities, and, in the event that it did not prove as represented, to take back said stallion and refund all money paid, which written statement is set forth in the petition, would not make the petition state a cause of action on said agreement to guarantee, for the reason that said petition shows the election of the party to whom said statement was addressed to rescind said contract of purchase on account of the alleged false representation

as to the age of said stallion, and to not sue on said agreement to guarantee. After such election and exercise of his option he could not sue on the contract. The petition shows that he has elected to join with his coplaintiff in an action based upon their recission of said contract for the purchase of said stallion, on account of the alleged false representations made by the defendant whereby they were induced to purchase said stallion.

The court below, therefore, erred in sustaining defendant's demurrer and dismissing this action. The judgment of the court below is therefor reversed and cause remanded.

REVERSED.