PAUL GERLI & COMPANY v. MISTLETOE SILKS MILLS.

Argued November 9, 1909—Decided June 16, 1910.

Where the buyer of goods, on finding that they are not as warranted, has chosen to rescind the contract of sale, he cannot recover damages for breach of the contract in an action against him by the seller for the purchase. price.

On rule to show cause.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff, *McDermott & Enright.*

For the defendant, *J. Emil Walscheid.*

The opinion of the court was delivered by

TRENCHARD, J.    This is an action for the purchase price of a bale of raw silk delivered by the plaintiff to the defendant.

The defence is that it was sold as "best classical Italian silk for single weaving" and did not answer that description.

The defendant counterclaimed for profits lost and for expenses incurred in the attempt to weave the silk and recovered a verdict. Thereupon the plaintiff was allowed this rule to show cause why the verdict should not be set aside.

At the trial at the Hudson Circuit, no loss of profits was proved, but there was evidence that the defendant had incurred expenses to the amount of $224.81. The purchase price of

the silk was $872.22, and it was undisputed that it was worth $721.30 as waste.

The defendant claimed that it had rescinded the contract and offered to return the goods and held them subject to the plaintiff's order.

The verdict was for $224.81, the exact amount of the expenses incurred by the defendant in attempting to weave the silk. It is clear, therefore, that the jury took the view that the contract had been rescinded.

The charge of the learned trial judge did not permit the jury to allow for damages for breach of the contract in case they found it had been rescinded. Such a charge would have been erroneous in law. Under the Sales act (*Pamph. L.* 1907, *p.* 337, § 69 (1) *d*), in case of a rescission of a contract to sell or a sale, the buyer is entitled to recover the price or any part thereof which has been paid; and this remedy is made exclusive by paragraph (2) of the same section. It is a logical consequence that where the purchase price has not been paid, the buyer's only remedy in case of rescission is to withhold the price. Such is the view of the learned author of our Sales act (*Willis. S.,* § 612) and the rule recently expressed in one of our sister states. *Houser & Haines Manufacturing Co.* v. *McKay,* 53 *Wash.* 337; 23 *Harv. L. Rev.* 141. The verdict, therefore, cannot be sustained and the rule must be made absolute.

Since the case must be tried again, it may serve a useful purpose to call attention to the questions which seem likely to arise.

The first question for the jury will, of course, be whether the contract was for "best classical Italian silk for single weaving." If it was not, there seems to be no defence. If it was, the question is, Did the silk delivered comply with the contract? If it did, the plaintiff is entitled to recover. If it did not, the question arises whether the defendant accepted it. The defendant had a right to inspect and examine (*Sales act,* § 47), and, if necessary, to test the goods even though the test involved destruction of a part. *Willis. S.,* § 475. If, however, the defendant intimated to the plaintiff that it had

accepted the goods, or if the defendant did any act inconsistent with the ownership of the plaintiff, or if, after the lapse of a reasonable time, it retained the goods without intimating to the plaintiff a rejection, then the defendant must be deemed to have accepted the goods and the right of rescission is gone. *Sales act,* § 48. If the defendant had the right to rescind and had not lost it when it finally notified the plaintiff that it had rejected the goods, and has actually rescinded, the verdict should be for the defendant, but not a verdict for damages.

If, however, the goods were not in accordance with the contract, and the defendant had accepted them, there would still be open the remedies allowed for breach of contract. The defendant, if such are found to be the facts of the case, had the option to recoup in diminution or extinction of the purchase price or to maintain a distinct action against the plaintiff for all its damages, including loss of profits and expenses to which it had been put. *Sales act,* § 69 (1), (a) and (b). The remedy under subdivision (a) is recoupment in the strict sense of that word, and involves merely an abatement of the purchase price which can amount to the whole purchase price only where the goods are worthless. The remedy under subdivision (b) is that which formerly was the subject of a cross-action, but is now available by way of counterclaim under section 105 of the Practice act. *Pamph. L.* 1903, *p.* 568. This remedy is inconsistent with the claim of a rescission 'of the contract, and at the trial it will be necessary for the defendant to elect whether to stand upon the theory of a rescission and abandon its claim to damages, or to abandon the claim of rescission and rely upon the contract as subsisting and insist on damages for the breach. If it adopts the latter course, the plaintiff will be entitled to recover the value of the silk, which will be the full purchase price, unless the defendant establishes that it was of inferior quality, in which event it will be the actual value as proved (*Sales act,* § 49; *Willis. S.,* § 488), from which may be deducted such loss as the defendant may prove it has sustained directly and naturally resulting in the ordinary course of events from the breach of warranty.