GEORGE REYNOLDS

*vs.*

JOHN A. EVANS.

*Deceit*: *action of*—; *representations; must have been knowingly false and have been relied on.* *Evidence*: *erroneous rulings; reversals.*

To support an action of deceit, the fraud complained of must have worked an actual injury to the plaintiff; and it must appear that he not only did in fact rely upon the fraudulent statement, but that he had a right to rely upon it in the full belief as to its truth.                               p. 367

In actions of deceit there must be knowledge of falsity by the party making the representations; and to support such an action the *scienter* must be alleged and proved, or there must be such allegations and proof as will impute knowledge.     p. 372

In such an action, where it did not appear that the question of the ownership of certain stock had affected the purchaser in his purchase of the stock, the ownership of the stock was not material, and the exclusion of evidence as to it, does not present reversible error.                               p. 367

Although the defendant in an action of deceit may have been guilty of similar acts in other instances, evidence of such acts is not admissible, unless they be connected in some way with the particular act in question.                               p. 368

A ruling of a Court upon evidence, even though erroneous, does not furnish ground for a reversal, unless it appears that the party complaining was injured thereby.           pp. 367-368

*Decided June 24th, 1914.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.), to which Court the cause had been removed from the Circuit Court for Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*J. L. G. Lee* and *James J. Archer,* for the appellants.

*S. A. Williams* and *Shirley Carter* (with whom was *Harry S. Carver* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was instituted by the appellant against the appellee, in the Circuit Court for Harford County, but was subsequently removed to the Superior Court of Baltimore City, where it was tried.

The action is one of deceit, to recover damages alleged to have been sustained by the plaintiff by reason of alleged false and fraudulent representations made to him by the defendant, by which he was induced to purchase twenty shares of the capital stock of the DeRan Lumber Company, a corporation doing business in the State of West Virginia, at and for the sum of $185 per share, it having a par value of $100 per share.

The declaration contains four counts, but all of them aver in substance, that in consequence and by reason of the false and fraudulent statements and representations set out in the counts, the plaintiff was deceived and defrauded by the defendant in the purchase of the stock, to his damage and injury.

At the trial of the case, in the Court below, the plaintiff reserved nineteen bills of exceptions, eighteen of which were to the rulings of the Court, upon the admissibility of evidence and one to its ruling, in granting the defendant's second and seventh prayers, at the close of the plaintiff's case, which withdrew the case from the consideration of the jury and instructed a verdict for the defendant. From the judgment entered upon this verdict, an appeal has been taken.

While the record contains eighteen separate bills of exception relating to the rulings of the Court, upon the admissi-

bility of testimony, some of them involve similar questions and will be considered together. It is conceded by the appellant that "they resolve themselves into six propositions," and they are so treated and discussed, in his brief.

The first exception is to the refusal of the Court to permit the following question to be asked and answered by the plaintiff, who was being examined in chief: "If you had known that Mr. Evans was selling his own stock, would you have bought that stock without looking into it further?"

It is clear, we think, that the plaintiff was not injured by the ruling of the Court on this exception, because it appears from the plaintiff's own testimony that he was not influenced in making the purchase of the stock by any statement made by the defendant as to its ownership. The matter of the ownership of the stock was therefore immaterial and the ruling was correct.

It is well settled by all the authorities that the fraud must work an actual injury to the party complaining and it must appear that he not only did in fact rely upon the fraudulent statement, but had a right to rely upon it in the full belief of its truth, for otherwise it was his own folly or fault, and he cannot ask the law to relieve him from the consequences. *Cahill* v. *Applegarth,* 98 Md. 493; *McAleer* v. *Horsey,* 35 Md. 439.

The second, third, fourth, fifth and sixth exceptions present the same questions, and will be considered together. They all in effect relate to whether the witness Hanway ever owned any stock in the DeRan Lumber Company in 1908, and whether it ever was pledged to the Harford National Bank of Bel Air, as collateral for a loan.

What has been said in regard to the ruling on the first exception will equally apply to the exceptions now considered. The inquiry as to the witness' ownership of the stock and whether he pledged it or not, was immaterial under the facts of the case, and the Court properly sustained the objection to these questions.

It is apparent, from the record, that the plaintiff was not injured by the rulings of the Court in the seventh, eighth, ninth, tenth, eleventh and twelfth exceptions, under the facts of this case.

The rule as to the evidence of other alleged frauds and transactions, is, said by the Supreme Court in *Clarke* v. *White,* 12 Peters, 193, to be this, if the person against whom fraud is alleged, should be proved to have been guilty of it in any number of instances, still if the particular act sought to be avoided be not shown to be tainted with fraud it cannot be affected with the other frauds, unless in some way or other it be connected with or form a part of them. *Conrad* v. *Nicoll,* 4 Peters, 297.

The thirteenth exception was taken to the refusal of the Court to permit the witness McComas, to be asked the following question: "What was the condition of the company and the value of the stock on July 21, 1908?" This witness had testified at great length as to the financial condition of the company and the evidence sought to be admitted, had been proven by the books of the company and the previous testimony of the witness. There was no injury in the ruling on this exception.

The rulings on the fourteenth, fifteenth, sixteenth, seventeenth and eighteenth exceptions present the same questions and are correct for the reason stated in support of the rulings on the former exceptions. We are of opinion, that the rulings upon the evidence did not operate in any way to the prejudice or injury of the plaintiff's case, and we will not further discuss them.

The nineteenth exception presents the ruling of the Court upon the prayers. The Court below, at the conclusion of the plaintiff's testimony granted the defendant's second and seventh prayers.

The second prayer instructed the jury as a matter of law, that under the pleadings in this case, there is no evidence legally sufficient to entitle the plaintiff to recover in this case, and the verdict of the jury must be for the defendant.

The seventh prayer instructed the jury that under the pleadings in this case there is no evidence legally sufficient to prove, either

1. That the lumber stock in question was valueless or substantially so on July 21st, 1908, or

2. That the DeRan Lumber Company was not reasonably prosperous up to July 21st, 1908, or

3. That defendant had not sold lumber stock to James W. Wilson at $200 per share, or

4. That there was no expectation on the part of the company of paying its expenses or a large part thereof from its offal or by-products, or

5. That any statement made by the defendant to the plaintiff in reference to the sale of stock were not reasonable expectations of said company at the date of said sale, or

6. That said statements were made by the defendants with intent to deceive the plaintiff, or

7. That the plaintiff materially relied on those statements to his prejudice and damage—and therefore the plaintiff is not entitled to recover and the verdict must be in favor of the defendant.

Upon a careful examination of the record now before us, we agree with the Court below that there was no evidence legally sufficient to entitle the plaintiff to recover in this case and as the plaintiff failed to make out a case for the jury, the defendant's prayers were properly granted.

The principles of law, applicable to an action of deceit, such as this, are fully considered and announced by this Court in a number of cases, and need not be reviewed in this case. *McAleer* v. *Horsey,* 35 Md. 439; *Robertson* v. *Parks,* 76 Md. 118; *Cahill* v. *Applegarth,* 98 Md. 493; *Donnelly* v. *Baltimore Trust Co.,* 102 Md. 1.

The plaintiff's declaration, it will be seen, contained four counts. All of the counts contain and allege in substance the same alleged false statements, and as set out in the first count of the declaration are as follows, that the defendant

when he made said sale asserted and stated to the plaintiff that said stock was worth $200 per share; that said stock was pledged to the Harford National Bank, of which defendant was cashier, for a loan, and had to be sold at once, and the said bank had to sell the stock to get said loan repaid, and D. B. Reckord, agent of the defendant, then stated to the plaintiff, in the presence of the defendant, that said stock belonged to one David Hanway.

And that the said DeRan Lumber Company, of which defendant was an official, was prosperous; that it was making its expenses from its offal or by-products; that the defendant had sold stock of the same company to one James W. Wilson for $200 per share; that the plaintiff having great confidence in the defendant and believing the statements to be true and not knowing the contrary thereof, but relying on the truth of the statements, bought said twenty shares of the DeRan Lumber Company stock, which said twenty shares he since has discovered were the property of the defendant; that the plaintiff has since discovered, to wit: on or about the 5th day of May, 1911, that said stock was valueless at the time of said sale and is valueless at the present time, and also has discovered that all of said statements made as aforesaid were false, that the defendant knew at the time he made said statements that they were untrue, and he made them with the intent and purpose of inducing the plaintiff to buy said twenty shares of DeRan Lumber Company stock for $3,700; and therefore the plaintiff has been deceived and imposed upon and has lost the sum of $3,700.

It will be seen, that there is no evidence legally sufficient to show that some of the statements, alleged in the declaration were made by the defendant at all, or if untrue, that they were such representations as would amount to deceit and upon which an action for deceit may be based.

If it be conceded, that the statement was made to the plaintiff by the defendant, that the stock was worth $200 a share, there is no evidence to show that this statement was false,

at the time the sale was made, or that the plaintiff had a right
to rely on it.

In *Lehigh Zinc & I. Co.* v. *Bamford,* 150 U. S. 673, it is
said: "General assertions by a vendor or lessor that the prop-
erty offered for sale or to be leased is valuable or very
valuable, although such assertions turn out to be untrue, are
not misrepresentations amounting to deceit, nor are they to
be regarded as statements of existing facts upon which an
action for deceit may be based, but rather as expressions of
opinions or beliefs; that as a general rule, fraud upon the
part of a vendor or lessor, by means of representations of
existing material facts, is not established unless it appears
such representations were made for the purpose of influencing
the purchaser or lessee, and with knowledge that they were
untrue; but where the representations were material and
are made by the vendor or lessor for the purpose of their
being acted upon and they relate to matter which he is bound
to know or is presumed to know, his actual knowledge of them
being untrue is not essential. *Gordon* v. *Butler,* 105 U. S.
553; *Robertson* v. *Parks,* 76 Md. 118.

As to the statement that the stock was pledged at the Har-
ford Bank and had to be sold at once to repay a loan, the
defendant testified, when called as a witness for the plain-
tiff, that the stock was not hypothecated at the bank, and that
it belonged to him at the time of the sale. He further testi-
fied, that he did not tell the plaintiff that the stock was
hypothecated at the bank, and that it did not belong to him.
According to the plaintiff's own testimony, the ownership of
the stock was not a material fact upon which he relied in
the purchase of the stock and was not an inducement to the
purchase. He testified, in answer to the question: Q. Sup-
pose Mr. Evans had not said it belonged to Mr. David Han-
way, would you have bought it? A. Oh! I do not know. He
might have said something else, that amounted to the same
thing. I do not know whether I would or not. Q. You don't
know whether you would or not? A. No, sir.

In *Cahill* v. *Applegarth,* 98 Md. 493, it is said, a false statement as to the ownership of property sold by the defend ant to the plaintiff is not necessarily fraudulent in law, since it may not have induced the plaintiff to make the purchase.

There is no evidence to show that the statement set out in the declaration that the defendant had sold stock of the same company to one James W. Wilson for $200 per share, was false in fact, much less was it fraudulent, and it need not be further considered by us.

The remaining alleged false statement set out in the decla ration is, "that the said DeRan Lumber Company of which the defendant was an official, was prosperous, that it was making its expenses from its offal or by-products," and must be controlled by the same principles of law, applied in the discussion of the previous statements alleged in the declaration.

In *Cahill* v. *Applegarth,* 98 Md. 502, it is said, the general rule undoubtedly is that in actions for deceit there must be knowledge of the falsity, by the party making the repre sentation, and hence *scienter* must be expressly alleged and proven, or there must be such allegations and proof as impute knowledge.

In the case at bar, as the undisputed facts show, that the defendant had reasonable ground for making and for his belief in the truth of the statements here complained of, we think it would have been error, for the Court, under the facts of the case, to have submitted the question of fraud *vel non* to the jury. *Melville* v. *Gary,* 76 Md. 221; *Weaver* v. *Shriver,* 79 Md. 530; *Donnelly* v. *Balto. Trust Co.,* 102 Md. 32.

It follows, for the reasons stated, there was no reversible error in the rulings of the Court below, and the judgment will be affirmed.

*Judgment affirmed, with costs.*