EVA HENRY, APPELLANT, V. RUDGE & GUENZEL COMPANY, ET AL., APPELLEES.

FILED MARCH 23, 1929. NO. 26258.

*Charles E. Matson* and *Calvin Webster,* for appellant.

*Hall, Cline & Williams, Claude S. Wilson, Roy F. Gilkeson* and *Hymen Rosenberg, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

RAPER, District Judge.

Action by plaintiff and appellant against the defendants and appellees, who were alleged retail dealers in shoes in Lincoln. Plaintiff in her petition alleges that on May 8, 1926, she purchased a pair of shoes which, she informed defendant's salesman, she wanted for street wear, and the salesman exhibited shoes which the salesman orally warranted to be in all respects fit and proper for such use, and, relying upon such representation, she bought the shoes, and thereafter, about July 10, 1926, without fault or negligence on her part, the heel on one of the shoes came off as plaintiff was descending a flight of stairs, thereby causing her to fall and receive severe injuries. Plaintiff alleges that the shoes were inferior and defective, in that the heels were not securely nailed or fastened on the shoes, but were insecurely glued on, which defect could not be discovered by an examination prior to the time the heel came off, and that said shoes were not reasonably fit for the purpose for which the plaintiff had purchased them.

The defendants in their separate answers, in so far as pertinent to the decision in this appeal, admit the purchase of the shoes, deny generally the allegations of the petition, and allege that in July, 1926, the plaintiff returned said shoes, claiming one of the heels had come off, and the defendant Kohler Shoe Company, offered to repair the shoe and replace the detached heel, but plaintiff refused to ac-

cept said offer, and thereupon elected to return and deliver, and did at said time return and deliver, said shoes to the defendant Kohler Shoe Company, which company then and there received and accepted said shoes, and said defendants, at plaintiff's demand, then made reimbursement to plaintiff for said shoes.

Trial was had to a jury, and at the close of plaintiff's testimony, at request of defendants, the court gave peremptory instructions to the jury to return verdict for defendants, which was done, and judgment entered dismissing the action, from which judgment plaintiff appeals.

Plaintiff's evidence discloses that about May 8, 1926, she went to the store and told a clerk that she wanted a pair of shoes for street and every-day wear. The clerk showed her some shoes which she tried on, and they looked and felt all right, and she told the clerk that she had been buying her shoes at Mayer Brothers and Magee's, and that she relied on what the clerks told her, and the clerk responded that neither Mayer Brothers nor Magee had any better shoes than these she had on and that, in fact, there were no better shoes in town. She asked the price, and, on being told the price, she said, "Well, I will take your word for it and take the shoes;" and she relied on the clerk's statement, took the shoes and paid for them. She wore them five or six times, and on July 10, while visiting at a relative's home, as she started to descend a flight of stairs, the heel of one of the shoes dropped off, causing her to fall down the stairs, the fall resulting in severe injuries to her; there were no tacks in the heel of the shoe, the heel being fastened insecurely by some kind of glue.

About five days later she went to the store with her shoes and told the clerk that the heel had come off, and he said he would have the heel put on, but she told him she did not care to have them fixed, and asked the clerk for his superior. She was taken to the office of the manager, or one over the clerk, who told her they would fasten the heels on for her and the shoe would be as good as new; but she said she did not care to have them fixed that way.

She told him that when the heel came off she had fallen down stairs and was hurt, and had not seen her doctor yet and did not know how badly she was injured, but would see him later about her personal injuries. The manager then told the clerk to give her a pair of new shoes. She was given another pair, which she accepted. She was then offered the old shoes for a small price, which she agreed to pay, and the old shoes were left at the store to have the heels nailed on. In four or five days she went back to the store to get the old shoes. She paid $1 that she was yet owing on them and took the old shoes. She at that time told the clerk that she had been injured by the fall down a flight of stairs and "in regard to my personal injuries I will see you folks later." This is a résumé of her testimony covering the purchase, the alleged warranty she relies on, and the alleged rescission.

There are several phases of the case treated at considerable length in the able briefs of the parties—as to whether there is a warranty, whether the retail dealer is liable for such defects in merchandise, whether, if liable at all, the dealer can be held for consequential damages, and some other questions; but it will be unnecessary to consider such questions and they are not determined.

But, assuming there was a warranty, the plaintiff's testimony shows clearly that the sale was rescinded. She returned the shoes and was fully repaid the purchase price and it was done at her request and voluntarily. Counsel urge that she did not intend to rescind, and that her statement that she would see the defendants later about her injuries indicated that she was not consenting to a rescission. There can be no such thing as a partial rescission, except in certain cases where the contract is divisible. Where the sale is for a particular article, there can be no partial rescission. After the return of the shoes and repayment to her of the purchase price, the rescission was complete. In *Apex Chemical Co. v. Compson*, 171 N. Y. Supp. 60, the court held that rescission seems to follow as a matter of law the return of the property, and that

the return itself operates as a conclusive presumption of law that the plaintiff intended to rescind. When plaintiff returned the shoes and received payment for the purchase price, it was an irrevocable election to rescind, and her statement to the effect that she would see the defendants later about her injuries was ineffectual to modify or disaffirm her election to rescind.

Having rescinded the contract, plaintiff has no right of action for damages for breach of the warranty. She cannot rescind and claim damages for breach of the warranty.

The uniform sales act provides: "1. Where there is a breach of warranty by the seller, the buyer may, at his election, * * * (b) accept or keep the goods and maintain an action against the seller for damages for the breach of warranty; * * * (d) rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

"2. When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted." Comp. St. 1922, sec. 2538.

This court has in several cases held that, where a party rescinds a sale and receives or demands or recovers the purchase price therefor, he cannot also demand damages for a breach of the warranty. *McCormick Harvesting Machine Co., v. Brown,* 5 Neb. (Unof.) 356; *Phelps v. Shuck,* 107 Neb. 490; *Alfree Mfg. Co. v. Grape,* 59 Neb. 777; *First Nat. Bank of Chadron v. Tootle,* 59 Neb. 44; *First Nat. Bank of Chadron v. McKinney,* 47 Neb. 149.

The trial court was right in directing a verdict for the defendants, because of plaintiff's rescission of the sale.

The judgment of the district court is

AFFIRMED.