## FRIEDMAN v. SWIFT & CO.

District Court, S. D. New York.
Jan. 27, 1937.

Wikler, Gottlieb & Wikler, of New York City (M. Michael Edelstein, of New York City, of counsel), for plaintiff.

Lewis A. Ackley, of New York City, for defendant.

KNOX, District Judge.

This is a motion by plaintiff under rule 109(6) of the Rules of Civil Practice, and section 262 of the Civil Practice Act, to strike out two affirmative defenses. The action was brought in the Supreme Court of New York and removed here for diversity of citizenship.

The complaint is presented in the form of two causes of action, one for fraud and deceit, and the other for negligence. The first of these states that plaintiff was engaged in the business of selling kosher meat, at retail, in Miami Beach, Fla., and that she had a reputation as a dealer in kosher meat who assiduously complied with the requirements pertaining to food products of that character. On February 2, 1935, plaintiff's employee went to defendant's establishment in Miami Beach for the purpose of purchasing meat. He was shown some lamb which defendant's agent represented to be kosher. In reliance upon the representation, plaintiff purchased one hundred twenty-five pounds, or thereabouts, of lamb, for $26.88. Sub-sequently, the meat was delivered by defendant, and accepted by plaintiff.

Thereafter, while plaintiff had the meat on sale, discovery was made that the lamb did not conform with the dietary law of the Orthodox Jewish faith. By reason of this revelation, plaintiff suffered loss not only of patronage and profits, but also of her reputation as a dealer in kosher food products. In fact, it became necessary to close her store.

The second cause of action reiterates the facts contained in the first, with the exception that the basis of action is the defendant's alleged negligence, rather than its fraud.

The answer filed to the complaint contained a general denial, and two affirmative defenses. The first of the latter alleges that plaintiff returned the merchandise to defendant, and was credited with the purchase price. This, it is claimed, is a rescission, and an effectual bar to any other remedy.

The second affirmative defense sets forth that at the time the alleged causes of action arose, the sale of kosher meat in Miami Beach was under the surveillance of a duly authorized rabbinical authority to which the matters related in the complaint were referred; and, after a full hearing, this authority exonerated the defendant. Such decision defendant contends is res 'judicata, and forecloses the present actions. Thereupon, plaintiff made the motion now before this court, viz., to strike out the defenses, as insufficient in law.

Uniform Sales Act, § 69(2), makes the rescission, as a remedy under Uniform Sales Act, § 69(1), a bar to the other remedies set forth in section 69(1). However, the second cause of action herein does not depend on the Uniform Sales Act; it is simply a common-law action for negligence and the issue here is whether a rescission bars such a remedy. The action founded on negligence should not be confused with an action for breach of warranty, which is barred under section 69(2). The latter action requires no proof of negligence. See Williston on Sales, § 237.

The doctrine of election of remedies upon which defendant relies is, at best, more or less arbitrary. It is designed to prevent vexatious litigation. In the pres-

ent case, I see no necessity to apply the doctrine. Perhaps as to the cause of action predicated upon defendant's . fraud and deceit, the law is too well settled to warrant a departure from precedent. As to the action for negligence, however, there seems to be no binding authority on the point, and I see no reason to conform to a rule that would prevent a recovery of damages.

Upon the making of the agreement between plaintiff and defendant, a duty to deliver kosher meat was assumed by defendant. It is not unknown to the law that a person who causes injury through failure to observe a contractual duty may be subjected to liability in an action sounding in tort. See Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139. The delivery of non-kosher meat to plaintiff bid fair to, and did, cause serious injuries to plaintiff's business. This likelihood, and the requisite high degree of care, were undoubtedly well known to defendant and its reasonable duty was in conformance therewith.

■ The defect in the meat was made manifest while the meat was in the store, and before any could be sold. The discovery of the non-kosher quality of the meat brought distress and anxiety to plaintiff's customers of the Orthodox Jewish faith, who, believing her to be a nonconformist to the requirement of their dietary laws, transferred their trade to other merchants. That plaintiff thereafter returned the meat had no effect on the repercussions. I feel, therefore, that as to defendant's liability the return of the meat should have no effect. I am satisfied that a person who negligently delivers to another an article which contains a defect likely to harm, and which does so, is liable to the injured person, although thereafter the negligent party repossesses the article and returns the purchase price. Such a doctrine is subject, of course, to the limitations imposed by the rules of contributory negligence. As in the case at bar, it is evident that articles of trivial pecuniary value may cause injuries of proportions far beyond the price of the article. The first affirmative defense is not sufficient in law against the second cause of action, and under rule 109(6) and section 262 of the Civil Practice Act, I am constrained to strike it as a defense thereto.

■ ■ The defense of res judicata, as now pleaded, is insufficient. This court will not take judicial notice of the ecclesiastical law and procedure to which reference is made by defendant. If it is to be considered, the defense must be elaborated so as to show the binding effect of the rabbinical decree upon the parties to the present controversy. Defendant should plead the nature of the rabbinical authority, by virtue of what mandate it operates, the nature of the proceeding before it, the parties thereto, and the judgment upon the matter in controversy.