326 P.2d 675

LOCKWOOD GRADERS OF IDAHO, Inc., a corporation, Plaintiff-Appellant,

v.

Darwin NEIBAUR, Bruce Neibaur and Warren Neibaur, co-partners doing business under the name of Neibaur Bros., a partnership, Defendants-Respondents.

No. 8569.

Supreme Court of Idaho.

June 11, 1958.

Bellwood & Goodman, Rupert, Elam & Burke, Boise, for appellant.

Lowe & Lowe, T. H. Church, Burley, for respondents.

McQUADE, Justice.

Appellant and cross-defendant is a corporation engaged in the sale and service of farm equipment, with its principal place of business at Rupert, Idaho. Respondents and cross-complainants are co-partners doing business under the trade name of Neibaur Bros., a partnership.

In October of 1955, the respondents were harvesting approximately 550 acres of potatoes. On October 12, 1955, a date during the harvest season, the respondents took delivery of a Lockwood Graders conveyor, model No. BL9C24BG, which had been represented to them by the appellant as a machine suitable for piling potatoes in a potato cellar owned by the respondents. At the time of delivery, there was left to harvest an estimated balance of 450 acres of potatoes.

Based upon representations as to suitability, capacity, and type of operation, the respondents on the twelfth day of October began to use the piler, and attempted to continue the use of the machine for eight days. Because of breakdowns necessitating considerable delay during the repair, one of the respondents, Warren Neibaur, on October 20 called the place of business of appellant and advised Cecil Wilson, its manager, that the respondents couldn't use the machine any longer, and for the appellant to come and get the conveyor.

Appellant in its complaint alleges the parties after the rescission agreed to a rental of 10 per cent of the purchase price, less a sum for assistance of the partners in assembling the machine, rendering a balance due of $100.

Respondents, as cross-complainants, seek only to set up an offer of rescission, and in addition seek to sustain a judgment for $5,400 as damages for the loss of 48 acres of potatoes frozen in the ground, which it is maintained could and would have been harvested had the potato piler been fit for the use for which it was represented.

There is no question before the Court concerning the right of respondents to a rescission of the contract to purchase the conveyor. The record clearly discloses respondents notified appellant to come and get the machine, and, acting upon such notice, the appellant subsequently recovered possession thereof.

There are several specifications of error, which may be consolidated into two specifications that will dispose of this appeal: One is the failure of the trial court to grant a motion for nonsuit, which was based upon a legalism that the Uniform Sales Act prevented the respondents from

bringing an action for damages arising under a warranty after they had rescinded the contract; secondly, that the nonsuit should have been granted on the grounds and for the reasons that the damages were the consequence of the action of natural forces of an extraordinary character and not contemplated by the parties.

The statutes applicable to the first question raised are: I.C. sec. 64-507:.

"1. Where there is a breach of warranty by the seller, the buyer may, at his election:

"a. Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price.

"b. Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty.

"c. Refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty.

"d. Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

"2. When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted. * * *"

I.C. sec. 64-508:

"Nothing in this law shall affect the right of the buyer or the seller to recover interest or special damages in any case where by law interest or special damages may be recoverable, or to recover money paid where the consideration for the payment of it has failed."

Until recent years, the courts have consistently held that upon a rescission of a contract, a party could not in addition seek damages under the contract. This rule has not been applied specifically.in the State of Idaho, but in the case of B. J. Carney & Co. v. Murphy, 68 Idaho 376, 195 P.2d 339, 343, the Court held as follows:

"Upon the refusal of a party to perform a contract, the other party who has paid money thereunder may treat the contract as rescinded and sue to recover his money or may elect not to acquiesce in the rescission and sue for damages for the breach. House v. Piercy, 181 Cal. 247, 183 P. 807; Lemle v. Barry, 181 Cal. 1, 183 P. 150."

An examination of the Lemle v. Barry case reveals the following language [181 Cal..1, 183 P. 151].:

" * * * It should be noted, however, that the remedies in the two cases are quite distinct and wholly inconsistent, and that the plaintiff cannot have both remedies. * * * "

Although the Idaho case did not adopt the rule set out in the Lemle case, nevertheless the quotation from the California case was a construction of the effect of the language contained therein. This strict interpretation, if applied to I.C. sec. 64-507(2), would render impotent I.C. sec. 64-508. Such an interpretation was not intended, inasmuch as only a portion of that language was used by this Court.

An enlightening approach to the problem is made in 77 C.J.S. Sales § 355, p. 1265, wherein it is stated:

"Under an *amendment* to the Uniform Sales Act, the buyer may rescind and reject or return goods not measuring up to warranty, recover the purchase price paid, and sue as well for additional or special damages resulting from the breach; * * * ". (Emphasis supplied.)

citing among other cases Russo v. Hochschild Kohn & Co., 184 Md. 462, 41 A.2d 600, 157 A.L.R. 1070.

■ So it would seem the statutory modification of the sales statute to permit the recovery of special damages where they may be recoverable by law is an abrogation of the general rule existing prior to the statutory enactment of I.C. sec. 64-508. The adoption of this view requires us to proceed to the question of damages to ascertain if they are allowable as special damages under the law.

In considering the item of damages, it appears from the record the parties did not contemplate that the warranty of the machine should include the loss of potatoes by frost.

Sutherland on Damages by Berryman, Fourth Edition, vol. 1, sec. 45, p. 170, in discussing this problem, says:

"In an action founded upon a contract only such damages can be recovered as are the natural and proximate consequence of its breach; such as the law supposes the parties to it would have apprehended as following from its violation if at the time they made it they had bestowed proper attention upon the subject and had full knowledge of all the facts. As otherwise expressed, the damages which are recoverable must be incidental to the contract and be caused by its breach; such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into. Direct damages are always recoverable, and consequential losses must be compensated if it can be determined that the parties contracted

with them in view. It is not in the least essential to the existence of this liability that an actual breach of the agreement should have been in the minds of the parties or either of them. For anything which amounts to a breach of contract, whether foreseen or unforeseen, the party who is responsible therefor must answer. Here an important distinction is to be noticed between the extent of responsibility for a tort and that for breach of contract. The wrong-doer is answerable for all the injurious consequences of his tortious act which, according to the usual course of events and general experience, were likely to ensue and which, therefore, when the act was committed, he may reasonably be supposed to have foreseen and anticipated. But for breaches of contracts the parties are not chargeable with damages on this principle. Whatever foresight, at the time of the breach, the defaulting party may have of the probable consequences he is not generally held for that reason to any greater responsibility; he is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts and were within the contemplation of the parties when the contract was entered into as likely to result from its non-performance. Those damages which arise upon the direct, necessary and immediate effects· are always recoverable because every person is supposed to foresee and intend the direct and natural results of his acts; those which ensue in the ordinary course of things, considering the particular nature and subject-matter of the contract. It is conclusively presumed that a party violating his contract contemplates the damages which directly ensue from the breach. * *"

Appellant also advances the proposition that the damages are remote and speculative. These terms are defined in 25 C.J.S. Damages § 2, pp. 459 and 460 as follows:

"*Remote damages.* Remote damages are such as are the result of accident or an unusual combination of circumstances which could not reasonably be anticipated, and over which the party sought to be charged had no control."

"*Speculative damages.* The term 'speculative damages' is sometimes used as synonymous with 'exemplary damages'; but ordinarily damages are said to be speculative when the probability that a circumstance will exist as an element for compensation becomes conjectural."

From all of the evidence it must be concluded that the damages were remote and speculative.

Having concluded the damages were remote and speculative, and therefore not recoverable by the respondents, the judgment on the cross-complaint is reversed and the cross-complaint ordered dismissed. The cause is remanded for a new trial on the complaint.

Costs to appellant.

PORTER, TAYLOR, and SMITH, JJ., concur.

KEETON, C. J., concurs in the conclusion reached.