[No. 13542. Department One. February 17, 1917.]

WALTER A. BURLEIGH *et al., Respondents,* v. CONSUMERS
PUBLISHING COMPANY, *Appellant,* ALBERT J.
GODDARD, *Intervener.*[1]

TRIAL—FINDINGS—CONSTRUCTION. Under the rule that findings capable of two constructions will be presumed to support the judgment, a finding that about April 1st "there was a verbal agreement that there should be no salary paid until the paper had earned the same" will be construed to refer to salaries earned subsequent to that time, when such construction supports the judgment entered.

APPEAL—REVIEW. A judgment will be corrected on appeal as to a mathematical error which is obvious from the findings.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 21, 1916, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Modified.

*Philip Tindall,* for appellants.
*Wilson R. Gay,* for respondents.

MAIN, J.—The purpose of this action was to recover the balance alleged to be due on account of salary earned. The defendant, Consumers Publishing Company, is a corporation. After the action was begun, A. J. Goddard, being then a stockholder in the corporation, filed a complaint of intervention. The cause was tried to the court without a jury, and resulted in findings and judgment in favor of the plaintiffs. From this judgment, the defendant and intervener appeal.

No statement of facts or bill of exceptions has been brought to this court. Consequently the only question for determination is whether the findings support the judgment.

The facts found by the trial court are substantially these:

[1]Reported in 163 Pac. 5.

The Consumers Publishing Company is a corporation, organized under the laws of the state of Washington. On or about December 3, 1914, by resolution of its board of trustees, the corporation employed Clara R. Burleigh as editor of a paper published by it, known as The Consumers Review, at an agreed salary of $100 per month. Mrs. Burleigh served as such editor continuously from the first day of December, 1914, to the end of March, 1915. On or about the first day of April, the intervener, as the findings state, acquired "certain interests in said paper, and at which time there was a verbal agreement that there should be no salaries paid until the paper had earned the same." The paper did not earn over and above its ordinary expenses sufficient to pay any salaries from the first day of April, 1915, to the 31st day of August, 1915, when Mrs. Burleigh ceased to act as editor.

From these facts it appears that, prior to the time the verbal agreement mentioned in the findings was entered into, Mrs. Burleigh had served as editor of the paper four months, and had earned as salary the sum of $400. Of this amount, $127.30 had been paid.

The controlling question in the case is whether the finding with reference to "no salaries" referred to salary earned prior to April 1st, 1915, or salary earned subsequent to that time. When the language of the findings of fact entered by the court is susceptible of two constructions, that meaning will be given which supports the judgment, rather than one which would defeat it. *Cantwell v. Nunn*, 45 Wash. 536, 88 Pac. 1023; *Dobrentai v. Piehl*, 92 Wash. 433, 159 Pac. 371.

What the oral agreement was, we are not advised, further than the recital in the findings. The trial court, in making the finding, undoubtedly intended to hold that the verbal agreement did not cover salaries earned prior to April 1st, 1915, when the intervener became interested in the paper, because if the finding covers the balance due on such four months prior salary, then the judgment is inconsistent with

the finding.   If the finding "no salaries" referred to the salary earned prior to that time, no judgment could have been entered for the respondents.   From the findings it does not clearly appear that the "no salaries" referred to included that earned prior to April 1st.   The language of the finding being susceptible of two constructions, in accordance with the rule above stated, it should be given that meaning which will support the judgment rather than defeat it.

From the facts found, it appears that the amount of salary earned was $400, upon which there had been paid $127.30. This would leave a balance due of $272.70.   After making the findings, the trial court concluded that the respondents were entitled to a judgment of $222.30, and entered judgment for this amount.   This obviously was a mathematical error, as $127.30 deducted from $400 leaves a balance of $272.70.   The cause will be remanded to the superior court, with direction to enter a judgment in favor of the respondents in the sum of $272.70.

ELLIS, C. J., MORRIS, CHADWICK, and MOUNT, JJ., concur.