[No. 15280.  Department One.  August 8, 1919.]

A. A. EVANS *et al., as Evans Investment Company, Respondents,* v. GEORGE H. RUBLEE *et al., Appellants.*[1]

BROKERS (13) — COMPENSATION — PERFORMANCE OF CONTRACT — "SALES PRICE"—FAILURE TO COMPLETE SALE. A broker negotiating a sale of chattels for a commission of five per cent of the "sale price" is entitled to his commission, although the sale was not consummated, where the seller refused to carry out the sale on the terms agreed to.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 4, 1919, upon findings in favor of the plaintiffs, in an action on contract. Affirmed.

*James W. Reynolds,* for appellants.

*Nelson R. Anderson,* for respondents.

MAIN, J.—The purpose of this action was to recover a broker's commission claimed to have been earned in negotiating the sale of certain household goods, furniture and furnishings owned by the defendants. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and judgment sustaining the plaintiffs' right to recover. From this judgment the defendants appeal.

The statement of facts having heretofore been stricken, the only question which can now be considered is whether the findings support the judgment. To present the question wherein it is claimed the findings are defective, it is only necessary to briefly state the facts found.

The respondents are copartners in the brokerage business and, at the instance and request of the appel-

[1]Reported in 183 Pac. 83.

lants, undertook to sell the household goods, furniture, and furnishings of a certain apartment house, known as the Avalon Apartments, in the city of Seattle, the appellants being the owners of the chattels mentioned. The respondents found and produced a purchaser for the chattels and entered into a contract for their sale, which contract was approved and ratified by the appellants. The purchaser was, at all times since the making of the agreement, ready, able and willing to consummate the sale and pay the purchase price as specified in the contract. After the contract was made, the appellants failed and refused to consummate the sale, giving as a reason therefor that they would not sell because they believed they could secure a better price. The appellants had agreed to pay the respondents a commission of "five per cent of the sale price" of the property listed for sale. The appellants refused to pay the commission, and the present action was brought for its recovery.

The appellants contend that the findings do not support the judgment because no sale was consummated. They construe "sale price" as used in the findings, to mean a consummated sale even though the failure to complete the sale may have been due to the fault of appellants. The general rule, as stated in 4 Ruling Case Law, p. 310, § 50, is that,

"The authorities are practically unanimous in holding that unless the broker and his employer have expressly stipulated to the contrary the broker is entitled to his compensation upon the completion of the negotiations he undertook irrespective of whether or not the contract negotiated is ever actually consummated, so long as the failure to carry it through to a successful completion is not due to any fault of the broker."

The facts, as found in this case, do not show that it had been expressly stipulated that the broker was not

entitled to his compensation unless the contract of sale was actually consummated. It is expressly found that the failure to consummate the contract was due to the appellants. Under the rule stated, sale price, as used in the findings, cannot be construed to mean a consummated sale. It is expressly found that the respondents found and produced a purchaser who was ready, able and willing to pay the purchase price and fulfill the agreement and that the appellants ratified the contract. Under such facts, the respondents were entitled to their compensation. But if it be conceded that "sale price" be susceptible of two constructions, that meaning will be given which supports the judgment rather than one which would defeat it. *Burleigh v. Consumers Publishing Co.*, 95 Wash. 49, 163 Pac. 5.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.