**CLYDE EQUIPMENT CO. v. FIORITO et al.**

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4787.

1. Sales ⬪287(1)—Return of personal property sold under contract held not to constitute rescission precluding action for special damages for breach of warranty.

Return of personal property purchased under contract and crediting buyer's account *held* not ipso facto to constitute such rescission of contract as would preclude action for special damages for breach of warranty, since whether there was an abandonment was matter of intention.

2. Trial ⬪404(1)—Construction of finding which will support judgment will prevail, if finding is susceptible of two constructions.

If finding is susceptible of two constructions, one of which supports judgment, and the other does not, the former will prevail.

3. Appeal and error ⬪931(3)—Inferences which may be drawn from facts found and which will support judgment will be deemed to have been drawn.

Whenever, from facts found, other facts may be inferred which will support judgment, such inference will be deemed to have been drawn.

4. Trial ⬪404(1)—Findings of fact of trial court must be construed to uphold judgment.

Findings of fact by trial court must receive such construction as will uphold judgment.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by N. Fiorito and others against the Clyde Equipment Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Van Dyke & Thomas, of Seattle, Wash., and Emmons, Lusk & Bynon, of Portland, Or., for plaintiff in error.

Grinstead, Laube & Laughlin and R. John Lichty, all of Seattle, Wash., for defendants in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This was an action brought by N. Fiorito et al. against the Clyde Equipment Company to recover the sum of $14,637.46 as special damages for the breach of a warranty in a contract for the sale of certain machinery, and is now before the court on writ of error to review a judgment awarded against defendant in the sum of $6,729.22 and interest, as such special damages.

To the cause of action two affirmative defenses were pleaded. In the first it was alleged that there was a written contract between the parties which in part provided that no liability should attach to the seller on account of any special or consequential damages by reason of delay or breach of any covenant therein contained. The second defense alleged rescission and abandonment of that part of the contract upon which the cause of action is founded.

The plaintiffs were road contractors, and were under contract to construct a portion of a certain highway in the state of Idaho. The defendant is engaged in the business of selling machinery of various types, including rock crushers. In the month of April, 1922, the parties entered into a contract by the terms of which the defendant was to furnish the plaintiffs with certain machinery, consisting in part of a rock crusher and a set of crushing rolls to be used in connection therewith. The articles being supplied, it developed, when an attempt was made to use them, that the crushing rolls were not as represented and the work could not be accomplished with them satisfactorily. After some delay the rolls were returned to the defendant, and the plaintiffs were credited with the amount which they had been charged therefor.

Upon a preceding trial of the action the court held that no fraud had been practised on the plaintiffs by defendant, and that therefore the provision of the contract exempting the latter from liability for special damages for a breach of any of the covenants of the contract was binding on the plaintiffs. But this court, upon a writ of error, reversed the judgment, and held that said provision had been fraudulently inserted therein by defendant, and directed the trial court to reform the contract by striking therefrom the provision in question. 2 F. (2d) 807. This was done, and the case was retried.

Upon the retrial the court found in reference to the subject-matter of the second affirmative defense that there was no rescission of the contract by the return of the crushing rolls and the credit given to the plaintiffs by the defendant, for the purchase price thereof. There is no bill of exceptions before this court; and the defendant's sole contention is that this finding does not support the judgment; its position being that the facts found are inconsistent with any other theory than that of total rescission.

[1] This position is not maintainable. The mere fact that personal property sold under a contract is returned to the vendor and credit given therefor on the account, does not constitute ipso facto a rescission of the contract. Whether or not property so returned and credited constitutes an abandonment of that part of the contract covering it is a matter of intention. Black on Rescission, § 534, p. 1285. In the instant case the return of the rolls by the plaintiffs, and the acceptance of credit therefor, may have been with the understanding, more or less definite, that the contract—which included other items than these crushing rolls—was not rescinded so far as they were concerned; and when, as here, the evidence is not before us, we must under familiar principles of law so construe the finding.

[2-4] If a finding is susceptible of two constructions, one of which supports the judgment and the other does not, the former will prevail; and whenever, from facts found, other facts may be inferred which will support the judgment, such inferences will be deemed to have been drawn. The findings of fact by a trial court must receive such a construction as will uphold, rather than defeat, its judgment. Burleigh v. Consumers Publishing Co., 95 Wash. 50, 51, 163 P. 5; Breeze v. Brooks, 97 Cal. 72, 31 P. 742, 22 L. R. A. 256.

Judgment affirmed.